```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JACKSON NATIONAL LIFE
INSURANCE COMPANY,

    Plaintiff,

v.                                    Case No: 2:16-cv-883-FtM-29MRM

PATRICK J. TOTTENHAM, as
personal representative for
the estate of Teresa A.
Sievers and MARK D. SIEVERS,

    Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of plaintiff's Unopposed Motion for Order of Interpleader (Doc. #33) and Unopposed Motion for Attorney's Fees (Doc. #34) filed on August 30, 2017. A Clerk's Entry of Default (Doc. #30) was entered against Mark D. Sievers on August 18, 2017. For the reasons set forth below, the motions are denied.

**I.**

The undisputed facts in the Complaint establish that Mark D. Sievers (husband of Teresa A. Sievers) is the primary and only beneficiary of the attached traditional IRA annuity contract. (Doc. #1-1.) No contingent beneficiary is designated in the annuity contract unless no beneficiary survives, in which case the proceeds would revert to Teresa A. Sievers' estate. (Doc. #1, ¶

8; Doc. #1-1, pp. 10, 17.)  With regard to the death benefit options available before the income date of June 21, 2064, the annuity contract states:

> In the event of the Owner's death or the death of a Joint Owner before the Income Date, a Beneficiary must request that the death benefit be paid under one of the death benefit options below unless the Owner did so previously.  The following are the available death benefit options:
>
> 1. Option 1 - single lump-sum payment of the death benefit; or
>
> 2. Option 2 - payment of the entire death benefit within five years of the date of the death of the Owner or any Joint Owner; or
>
> 3. Option 3 - payment of the death benefit under an income option over the lifetime of the Beneficiary or over a period not extending beyond the life expectancy of the Beneficiary, with distribution beginning within one year of the date of the death of the Owner or Joint Owner.
>
> Any portion of the death benefit not applied under Option 3 within one year of the date of the Owner's death must be distributed within five years of the date of the Owner's death.

(Doc. #1-1, pp. 10, 27.)  Further, as the spouse of the owner of the annuity contract, Mark D. Sievers could elect to continue the contract in his own name and exercise all the same rights in lieu of taking the death benefit.  (Id., p. 27.)

On or about June 29, 2015, Teresa A. Sievers was found dead in her home of blunt force trauma, and the cause of death was ruled a homicide.  (Doc. #1, ¶ 10.)  Upon notification that Mark D.

Sievers was a person of interest, and upon request of the Lee County Sheriff's Office to hold any payment of proceeds, plaintiff held disbursement of proceeds in abeyance. (Id., ¶ 11.) Since then, Mark D. Sievers has been arrested and charged with his wife's murder, and is awaiting trial. (Id., ¶ 12.)

Plaintiff alleges that Mark D. Sievers has a valid claim to the benefits as the named beneficiary and it has not yet been determined if he killed his wife. (Id., ¶ 15.) Plaintiff also alleges that defendant Patrick J. Tottenham has a valid claim if Mark D. Sievers is prohibited from receiving the proceeds under Fla. Stat. § 732.802(3). (Id., ¶ 16.) No final judgment of conviction has been entered, and no other determination has been made as to whether the killing was unlawful and intentional. Plaintiff does not allege that either defendant has actually made a claim against it, and the Complaint does not seek to adjudicate the potential claims. Rather, plaintiff simply seeks to give the money to the Court and be done with the matter.

## II.

An interpleader is a "means by which an innocent stakeholder . . . avoids multiple liability by asking the court to determine the asset's rightful owner." Chase Manhattan Bank v. Mandalay Shores Cooperative Housing Ass'n, Inc., 21 F.3d 380, 383 (11th Cir. 1994). Here, there appears to have been no actual claim, and neither plaintiff nor Tottenham seek a determination of the

rightful ownership of the benefits.  The Court sees no reason why the Clerk's Office should be the depository of the funds for an indefinite period until someone decides to make a claim.

Plaintiff also seeks attorney fees of approximately ten percent of the benefits.  An award of attorney fees is within the sound discretion of the Court, but such fees are not typically awarded to an insurance company in this situation.  <u>Chase Manhattan Bank</u>, 21 F.3d at 383-84.  The Court finds nothing to justify an award of attorney fees in this case at this time.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Unopposed Motion for Order of Interpleader (Doc. #33) is **DENIED**.

2. Plaintiff's Unopposed Motion for Attorney's Fees (Doc. #34) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this __30th__ day of October, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 4 -