UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JACKSON NATIONAL LIFE
INSURANCE COMPANY,

    Plaintiff,

v.                                Case No: 2:16-cv-883-FtM-29MRM

PATRICK J. TOTTENHAM, as
personal representative for
the estate of Teresa A.
Sievers and MARK D. SIEVERS,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on the defendant's Motion for Summary Judgment (Doc. #36) filed on December 14, 2017. Plaintiff filed an Unopposed Motion for Order of Interpleader (Doc. #38) on December 28, 2017, in response. Defendant Mark D. Sievers is in default.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material"

if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citation omitted).

**II.**

As previously stated, in the Court's October 30, 2017, Opinion and Order (Doc. #35):

> The undisputed facts in the Complaint establish that Mark D. Sievers (husband of Teresa A. Sievers) is the primary and only beneficiary of the attached traditional IRA annuity contract. (Doc. #1-1.) No contingent beneficiary is designated in the annuity contract unless no beneficiary survives, in which case the proceeds would revert to Teresa A. Sievers' estate. (Doc. #1, 8; Doc. #1-1, pp. 10, 17.)
>
> . . .
>
> On or about June 29, 2015, Teresa A. Sievers was found dead in her home of blunt force trauma, and the cause of death was ruled a homicide. (Doc. #1, ¶ 10.) Upon notification that Mark D. Sievers was a person of interest, and upon request of the Lee County Sheriff's Office to hold any payment of proceeds, plaintiff held disbursement of proceeds in abeyance. (Id., ¶ 11.) Since then, Mark D. Sievers has been arrested and charged with his wife's murder, and is awaiting trial. (Id., ¶ 12.)
>
> Plaintiff alleges that Mark D. Sievers has a valid claim to the benefits as the named

> beneficiary and it has not yet been determined if he killed his wife. (Id., ¶ 15.) Plaintiff also alleges that defendant Patrick J. Tottenham has a valid claim **if** Mark D. Sievers is prohibited from receiving the proceeds under Fla. Stat. § 732.802(3). (Id., ¶ 16.) **No final judgment of conviction has been entered, and no other determination has been made as to whether the killing was unlawful and intentional.**

(Doc. #35, pp. 1-3) (emphasis added). It is Patrick J. Tottenham, as representative of the Estate of Teresa A. Sievers (the Estate), who seeks summary judgment in its favor. The Estate argues that Sievers no longer has a valid claim because Sievers is in default, although there has been no formal disclaimer or renouncement of his rights. Plaintiff filed a motion stating its non-opposition to the motion, but asking that it be provided with the protections against liability of an interpleader action. Both Jackson and the Estate invoke the "slayer statute" as a basis for the Estate's entitlement to proceeds but have provided no factual support for their position.

### III.

Under Florida law, "[a] named beneficiary of a bond, life insurance policy, or other contractual arrangement who unlawfully and intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy, or other contractual arrangement; and it becomes payable as though the killer had predeceased the decedent."

Fla. Stat. § 732.802(3). "A final judgment of conviction of murder in any degree is conclusive for purposes of this section. In the absence of a conviction of murder in any degree, the court may determine by the greater weight of the evidence whether the killing was unlawful and intentional for purposes of this section." Fla. Stat. § 732.802(5). "A party invoking the slayer statute, also called the Murder Probate Statute, to prevent an unconvicted killer's acquisition of property has the burden of proving that the killing was both intentional and unlawful." Congleton v. Sansom, 664 So. 2d 276, 280 (Fla. 1st DCA 1995). "To prevent a beneficiary from taking under the Slayer Statute, a party must prove the decedent was intentionally and unjustifiably killed by the beneficiary." Dougherty v. Cole, 401 Ill. App. 3d 341, 346, 934 N.E.2d 16, 20 (2010).

Although criminal charges were filed and the case is pending, there has been no final conviction. Further, no civil action has been filed by either Jackson National Life Insurance Company (Jackson) or the Estate to determine if Sievers, by the greater weight of the evidence, intentionally and unlawfully killed his wife. Carter v. Carter, 88 So. 2d 153, 158 (Fla. 1956). By defaulting, Sievers may simply be exercising his Fifth Amendment privilege, which would preclude simultaneously seeking proceeds in this case. See New York Life Ins. & Annuity Corp. v. Gerth, No. 8:12-CV-1954-T-30MAP, 2014 WL 12617556, at *2 (M.D. Fla. Apr. 23,

4

2014) (The Fifth Amendment cannot be used as "a sword and a shield") (citing <u>Zabrani v. Riveron</u>, 495 So. 2d 1195, 1199 (Fla. 3d DCA 1986)).

The Court finds that the Estate has not met its burden to prove the slayer statute precludes Sievers' interest, and the Estate does not yet have a vested interest in the proceeds. Therefore, the Estate is not entitled to judgment as a matter of law.

Accordingly, it is now

**ORDERED:**

1. Defendant Patrick J. Tottenham's Motion for Summary Judgment (Doc. #36) is **DENIED.**

2. Plaintiff's Unopposed Motion for Order of Interpleader (Doc. #38) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of January, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record

5